## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAYAN DAVID PEREZ-YOC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-00497 |
| | ) | Judge Stephanie L. Haines |
| WARDEN OF MOSHANNON VALLEY | ) | |
| PROCESSING CENTER, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

### <u>MEMORANDUM ORDER</u>

Brayan David Perez-Yoc ("Petitioner") is a citizen of Guatemala who entered the United States without admission or parole in July 2024. ECF No. 1, ¶ 3. On January 28, 2026, he was detained by the Department of Homeland Security and has been in the custody of Immigration and Customs Enforcement ("ICE"), at the Moshannon Valley Processing Center since that time. *Id.*

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") on March 23, 2026. ECF No. 1. On March 27, 2026, V. Joseph Sonson of the United States Attorney's Office entered his appearance on behalf of the Respondents. ECF No. 4. In a response to the habeas petition, Respondents informed the Court that Petitioner was granted voluntary departure under 8 U.S.C. § 1229c in lieu of removal and was removed from the United States on April 15, 2026. ECF No. 5.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Federal courts, however, lack jurisdiction to decide a case unless it presents a live case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with,

1

an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* If developments during litigation eliminate a petitioner's personal stake in the outcome or prevent the Court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48.

Because Petitioner has been removed from the United States and is no longer in custody, the Court can no longer grant effective relief on his habeas challenge to detention. The Petition is therefore moot. Accordingly, the following order is entered:

## ORDER

**AND NOW** this 13th day of May, 2026, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** as moot.

2. The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge

2